# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUMMER LARKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01060-JD |
| | ) | |
| OKLAHOMA HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss ("Motion") filed by Defendant

Oklahoma Human Services ("Defendant") pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6). [Doc. No. 7]. Plaintiff Summer Larkins ("Plaintiff") filed a

Response [Doc. No. 8], and Defendant filed a Reply [Doc. No. 10]. For the reasons

outlined below, the Court grants the Motion.

## I.      BACKGROUND

Plaintiff is an African American female who worked for Defendant as a Child

Welfare Specialist II. [Doc. No. 1 ¶ 7].  Plaintiff suffers from anxiety and depression. [*Id.*

¶ 8].  She requested leave in the form of two mental health days from her supervisor,

Jessica Flores. [*Id.* ¶ 9]. Flores said she would approve the leave for Plaintiff's two

mental health days. [*Id.* ¶ 10]. Plaintiff used these two days to seek counseling from a

mental health professional. [*Id.* ¶ 11].

When Plaintiff returned to work, she noticed that her time away had been

incorrectly coded in Defendant's time management system as "absent without leave." [*Id.*

¶ 12]. Plaintiff raised the issue with Flores, but Flores said she did not recall approving the time off from work. [*Id.* ¶ 13]. Shortly after, without warning, Plaintiff was discharged from her position for "no call, no show." [*Id.* ¶ 14]. "Plaintiff noticed, however, that her non-Black co-worker, Zack Bouma, had received numerous warnings and had taken time off without consequence, while Plaintiff was not able to do the same." [*Id.* ¶ 15].

Plaintiff initiated this case, alleging disparate treatment and retaliation in violation of 42 U.S.C. § 1981. [*Id.* at 3–4].[1]

Plaintiff had a prior case before the Court against Defendant, based on the same factual allegations. *See Larkins v. Okla. Hum. Servs.*, No. CIV-23-00307-JD. In that case, Plaintiff brought claims of (1) retaliation in violation of the Americans with Disabilities Act ("ADA"), (2) disparate treatment in violation of Title VII of the Civil Rights Act of 1964, and (3) violation of § 1981. *See id.*, Pl.'s First Am. Compl., Doc. No. 24 at 4–7. The Court ultimately dismissed Plaintiff's claims without prejudice. *Larkins v. Okla. Hum. Servs.*, No. CIV-23-00307-JD, 2024 WL 3513799, at *4 (W.D. Okla. July 22, 2024). The Court concluded that Plaintiff had failed to plausibly allege a retaliation claim under the ADA. *Id.* at *2–3. The Court also concluded that Plaintiff had failed to allege a disparate treatment claim under Title VII because she had not pled facts alleging that similarly situated non-minority employees were treated differently. *Id.* at *3. Specifically, the Court stated as follows:

---

[1] The Court uses CM/ECF page numbering from the top of the district court docket filings in this Order.

2

> Here, Larkins explains that her "non-Black co-worker, Zack Bouma, who shared the same supervisor and duties as Plaintiff, had received numerous warnings, and had taken time off without consequence, while Plaintiff was not able to do the same." But she does not say whether they were subject to the same standards governing performance evaluation or discipline. Nor does she provide allegations regarding Bouma's employment circumstances or work history. The Amended Complaint does not say what Bouma's warnings were for or whether his time off was unauthorized. Without such information, Larkins cannot plausibly allege that she and Bouma were similarly situated.

*Id.* (internal citation omitted). The Court did not evaluate her § 1981 claim because the Court concluded Plaintiff had abandoned that claim. *See id.* at *1.

Defendant moves to dismiss Plaintiff's Complaint on three grounds. First, Defendant argues that Plaintiff fails to state a § 1981 claim because Plaintiff does not plead facts demonstrating that (1) her termination was based upon an intent to discriminate or (2) she was treated differently than similarly situated employees. [Doc. No. 7 at 5–6]. Second, Defendant asserts that Plaintiff does not state a § 1981 claim because § 1981 does not, by itself, create a private right of action. [*Id.* at 6–8]. Third, Defendant states that the Court lacks subject matter jurisdiction because Defendant has Eleventh Amendment immunity. [*Id.* at 8–11].

## II.   STANDARDS OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the Court accepts as true the plaintiff's well-pled factual allegations in the complaint and "view[s]

them in the light most favorable to the plaintiff." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court should grant a Rule 12(b)(6) dismissal "'if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)).

The Court must decide whether it has federal subject matter jurisdiction over Plaintiff's claim before it can decide the Rule 12(b)(6) issues. *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002) ("Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of the underlying claim." (quotation modified)); *see also Guttman v. New Mexico*, 325 F. App'x 687, 691 (10th Cir. 2009) (unpublished) ("Eleventh Amendment immunity challenges a court's subject matter jurisdiction . . . [and] federal courts are obligated to initially discern the issue."). Defendant's claim of sovereign immunity implicates the Court's subject matter jurisdiction, and the Court must analyze it under Rule 12(b)(1). *Cf. Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (explaining that "Eleventh Amendment sovereign immunity . . . implicates [a federal court's] jurisdiction" and "federal courts unquestionably have an . . . obligation to determine whether subject-matter jurisdiction exists" (citation omitted)).

Rule 12(b)(1) authorizes a court to dismiss a complaint for lack of subject matter jurisdiction. Rule 12(b)(1) motions take one of two forms: a facial or factual attack.

4

*Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial

attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial

challenge, a district court must accept the allegations in the complaint as true. *Id.*

However, in a factual attack, the moving party may go beyond the allegations contained

in the complaint and challenge the facts upon which subject matter jurisdiction depends.

*Id.* A district court may not presume the truthfulness of the complaint's factual

allegations when reviewing a factual attack on subject matter jurisdiction. *Id.*

In this case, the Court construes the motion under Rule 12(b)(1) as a facial attack.

*Cf. Brokers' Choice of Am.*, 861 F.3d at 1103 (explaining that "the district court has

broad discretion in determining whether to accept materials beyond the pleadings"); *see*

*also Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir.

2010) (construing the motion as a facial challenge and applying the same standards under

Rule 12(b)(1) that are applicable to a 12(b)(6) motion to dismiss). Thus, the Court accepts

the factual allegations in the Complaint as true for its Rule 12(b)(1) analysis.

## III.   <u>DISCUSSION</u>

The Court begins its analysis with Defendant's argument that it is entitled to

sovereign immunity. Sovereign immunity under the Eleventh Amendment applies to

cases in federal court pursuant to either federal question or diversity jurisdiction. *Idaho v.*

*Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997). "[O]nce effectively asserted

such immunity constitutes a bar to the exercise of federal subject matter jurisdiction."

*Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).

Sovereign immunity prevents suits brought by citizens against their own states. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) ("[T]he States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today[.]"); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) ("This immunity extends to suits brought by citizens against their own state."). States may waive their Eleventh Amendment immunity and consent to suit in federal court. *See V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 1997) (explaining that a state may waive sovereign immunity where the waiver is "express and unequivocal"). Congress may also abrogate the states' sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Since, in this case, Plaintiff proceeds under federal law, the Court examines whether Congress has abrogated the State's immunity in § 1981 cases. However, it is well-settled law that Congress did not abrogate states' immunity via § 1981 or § 1983.[2] *See Will*, 491 U.S. at 67; *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998); *see also Patillo v. Larned State Hosp.*, 462 F. App'x 780, 783 (10th Cir. 2012) (unpublished) (noting that the district court correctly dismissed claims as barred by Eleventh Amendment immunity because "immunity had not been abrogated or waived in

---

[2] The Court mentions § 1983 because Defendant argues that § 1981 does not create a private right of action and that Plaintiff would have to pursue such a claim pursuant to § 1983. [Doc. No. 7 at 6–8]. Thus, to the extent Plaintiff anticipates amending to add such a claim, sovereign immunity would also bar a § 1983 claim.

connection with §§ 1981, 1983"). Nor does Plaintiff claim any exception to sovereign immunity applies. [*See* Doc. No. 8 at 5].

Accordingly, Defendant, as a state agency, has sovereign immunity against Plaintiff's claim, and the Court lacks subject matter jurisdiction. The Court, therefore, does not address the remainder of Defendant's arguments.

## IV.    CONCLUSION

For the reasons outlined above, the Court GRANTS Defendant's Motion to Dismiss and dismisses Plaintiff's claim without prejudice.[3] A separate judgment will follow.

IT IS SO ORDERED this 22nd day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] In her Response, Plaintiff seeks leave to amend her Complaint "to address any curable concerns identified by the Court." [Doc. No. 8 at 5]. But Plaintiff cannot seek leave to file an amended complaint in her response brief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); LCvR7.1(c) ("A response to a motion may not also include a motion . . . made by the responding party."); LCvR15.1 (explaining that a party moving to amend a pleading must attach the proposed pleading as an exhibit to the motion); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))). Moreover, the Court has previously instructed Plaintiff and her counsel that they cannot seek leave to amend in their response brief. *See Larkins v. Okla. Hum. Servs.*, No. CIV-23-00307-JD, 2024 WL 3513799, at *4 n.3 (W.D. Okla. July 22, 2024). Additionally, some of the alleged deficiencies in Plaintiff's Complaint mirror those raised by Defendant in the prior case. *See id.* at *3 (detailing deficiencies in Plaintiff's disparate treatment claim).

7